DOMENGEAUX, Judge.
This is the second companion suit to Doty v. Safeco Insurance Company, 400 So.2d 718 (La.App. 3rd Cir. 1981). Therein we affirmed the trial court’s finding that (1) Todd Theriot alone was negligent in causing the accident of March 24, 1979, and (2) Bituminous Casualty Company insured the Theriots against the accident under the comprehensive general liability portion of a policy issued to Joseph Theriot (Todd’s father and the owner of the truck) and was therefore responsible, along with the Theri-ots and Safeco Insurance Company, for paying the losses incurred by those injured as a result of Todd Theriot’s negligence.
In the instant case, the court rendered judgment in favor of Tammy Deshotel and *729 against Bituminous in the amount of $26,-495.00, for injuries caused by the accident. Miss Deshotel has answered the appeal filed by Bituminous and seeks to increase the trial court’s award to the amount prayed for in the original petition, $312,000.00.
In its reasons for judgment, the trial court described Tammy’s injuries:[1]
“Tammy Deshotel is twenty years old, and is presently employed as a clerical worker at an insurance agency. She was seated behind the driver’s seat in the Lester vehicle at the time of the accident. She testified that she does not remember either the accident, or anything that happened for approximately a week after the accident. She stayed in bed for one or two months and was out of school (trade school) for three months. Immediately after the accident, Tammy was taken by ambulance to Our Lady of Lourdes Hospital where she remained for several days. She sustained injuries to her neck and right arm, and received multiple abrasions of her face and neck. She was hospitalized again from April 5 to April 7 for a cervical myelogram, but the myelo-gram was normal. Dr. Goldware, a neu-ro-surgeon, treated Tammy on several occasions between March 25 and July 7. He testified by deposition that the weakness of her arm was caused by a brachial plexus injury. She also had an avulsion fracture of the transverse process, an injury which usually causes a lot of pain for a few months. Shoulder exercises were prescribed and she was told to wear a sling for her right arm (which she wore until July 6.) Dr. Goldware stated that he did not treat Tammy long enough to know whether the damage to her arm is permanent or not. Tammy and her father testified that she had exercised her arm for one hour a day for several months following the accident. She also stated that she continues to have numbness of her arm at times, and that her arm is much weaker than it was before the accident. Her arm also tires easily when she types at work. In addition to Tammy’s arm and facial injuries, she sustained injury to her right vocal cord, which causes her voice to be quite husky. Dr. Graves, an ear, nose and throat specialist, has treated her for this condition. His deposition indicates that Tammy’s right vocal cord is paralyzed as a result of the accident, and that the damage appears to be permanent. Surgery which was performed in February, 1980, resulted in moderate improvement to Tammy’s voice, but this improvement dissipated fast. In order to improve Tammy’s voice permanently, Dr. Graves recommends surgery which would involve a permanent teflon injection. The Court will award Tammy general damages of thirty thousand ($30,000.00) dollars for these injuries.”[2]
In brief, counsel for Miss Deshotel states simply that, given the plaintiff’s age and injuries, $30,000.00 is too little. However, after considering the facts and circumstances peculiar to this case, we are unable to conclude that the trial court abused its discretion in awarding Miss Deshotel $30,-000.00 in general damages. We believe the evidence establishes that her injuries were more severe than those suffered by her two injured companions. Accordingly, she was awarded more than the other two. As initial triers of fact, we might have been inclined to award a more generous amount. However, as a reviewing body, we cannot say the amount awarded is outside the broad range of the trial court’s discretion.
For the above reasons, and for the reasons stated in Doty v. Safeco Insurance Company, 400 So.2d 718 (La.App. 3rd. Cir. 1981), the judgment of the district court in favor of Tammy Deshotel and against Bituminous Casualty Company in the amount of *730 $26,495.00 is affirmed. Costs are assessed to Bituminous.

AFFIRMED.

. AU references to the record have been deleted.

. Since Tammy received $5,000.00 in settlement of her claim against Safeco and the Theri-ots, Bituminous is liable only for their excess, $25,000.00, as well as the proven expenses, which total $1,495.00.